UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLOYD J. NOLEN, | ) |
| Plaintiff | ) ) No. 1:20-cv-00140-RAL |
| vs. | ) ) ) |
| DMD DR. TOLNAY, | ) RICHARD A. LANZILLO ) UNITED STATES MAGISTRATE JUDGE |
| Defendant | ) ) ) |

OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

I. Introduction

Plaintiff Floyd J. Nolen, an inmate in the custody of the Pennsylvania Department of Corrections (DOC), has filed a motion for temporary restraining order and preliminary injunction (ECF No. 11) alleging that Defendant Craig Tolnay, DDS, the dentist responsible for inmate dental care at the State Correctional Institution at Albion (SCI-Albion), is displaying deliberate indifference to his serious dental condition and thereby exposing him to irreparable harm. He seeks equitable relief in the form of a mandatory injunction directing Dr. Tolnay and the DOC to extract his one remaining wisdom tooth and provide him with related treatment. On August 11, 2020, the Court conducted an evidentiary hearing during which it received testimony from Mr. Nolen and Dr. Tolnay as well as exhibits in the form of an affidavit from Mr. Nolen and copies of Mr. Nolen's dental records from SCI-Albion. Based upon this evidence, the Court finds that Mr. Nolen has failed to demonstrate an entitlement to injunctive relief.[1]

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge in this matter as authorized by 28 U.S.C. § 636(c).

1

II.     Material Facts

At all times relevant to this action, Mr. Nolen has been incarcerated at SCI-Albion and received his dental care from Dr. Tolnay or personnel under his supervision. During his incarceration, Mr. Nolen was diagnosed with tooth decay or caries of his four wisdom teeth. Dr. Tolnay has extracted three of Mr. Nolen's wisdom teeth.  His records indicate that the fourth tooth also should be extracted due to decay but that the need is not urgent.  Dr. Tolnay testified that Mr. Nolen has shown no signs of active infection associated with the remaining wisdom tooth.  The decayed wisdom tooth, however, is causing Mr. Nolan pain and discomfort, particularly when eating.  He receives temporary relief by taking over-the-counter pain medication (aspirin) available through the prison commissary.  Mr. Nolen complains that he has not been prescribed antibiotics for his condition.  In his hearing testimony, Dr. Tolnay explained that antibiotics are not indicated at this time because of the absence of any active infection.  He also testified that Mr. Nolen's pain and discomfort are properly treated with over-the-counter medications. He cautioned, however, that Mr. Nolen should discontinue taking aspirin and switch to ibuprofen or Tylenol because aspirin could cause excessive bleeding when the fourth wisdom tooth is ultimately extracted.  Finally, Dr. Tolnay testified that the extraction of Mr. Nolen's one remaining wisdom tooth has been delayed due to CDC guidelines restricting certain procedures during the coronavirus pandemic.  Because tooth extraction has been determined to release blood or saliva in the form of aerosols, the procedure is currently not recommended in non-emergency situations.

III.    Analysis

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis deleted). In determining whether to grant a

preliminary injunction, the court must consider four factors: (1) whether the plaintiff has demonstrated a likelihood of success on the merits; (2) whether he or she will suffer irreparable harm if the injunction is denied; (3) whether granting relief will result in even greater harm to the nonmoving party; and (4) whether the public interest favors such relief. *Bimbo Bakeries USA, Inc. v. Botticella,* 613 F.3d 102, 109 (3d Cir. 2010).

The party requesting the injunction has the burden of introducing evidence to support the first two factors. *Acierno v. New Castle County,* 40 F.3d 645, 653 (3d Cir. 1994). The absence of adequate evidence to support either of these two factors warrants the denial of a request for preliminary injunctive relief. *Id.; Adams v. Freedom Forge Corp.,* 204 F.3d 475, 484 (3d Cir. 2000). Further, a court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. CF. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir. 1989). The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. *SI Handling Sys., Inc. v. Heisley,* 753 F.2d 1244, 1264 (3d Cir. 1985).

The limitations on the power of courts to enter injunctions in a correctional context are buttressed by statute. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall

> give substantial weight to any adverse impact on public
> safety or the operation of a criminal justice system
> caused by the relief.

18 U.S.C.A. § 3626(a)(l)(A).

Guided by these exacting standards, the Court turns to the merits of Mr. Nolen's motion.

### A. Likelihood of Success on the Merits

Mr. Nolen asserts that Dr. Tolnay has displayed deliberate indifference to his serious medical needs and thereby violated his Eighth Amendment right to be free from cruel and unusual punishment. *See Estelle v. Gamble,* 429 U.S. 97 (1976) (stating that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment") (internal quotation omitted). Based upon the record, the Court finds that Mr. Nolan has not met his burden to demonstrate that he is likely to prevail on this claim.

To establish a violation of his constitutional right to adequate medical care, a plaintiff must demonstrate: (1) he has a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999). Regarding the first element, a serious medical need is "one that has been diagnosed as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *See Walker v. Brooks,* 2009 WL 3183051 (W.D. Pa. Sept. 30, 2009) (citing *Monmouth County Correction Institute Inmates v. Lanzaro,* 834 F. 2d 326,347 (3d Cir. 1987)). For purposes of Mr. Nolen's motion, the Court will assume that the decay of his remaining wisdom tooth constitutes a serious medical need. In several instances, courts have recognized dental conditions as reaching this threshold, although such cases typically involve tooth decay coupled with an abscess or active infection. *See, e.g., Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir.

4

2004) (court found serious medical need where plaintiff "presented evidence that he suffered extreme pain from loose and infected teeth, which caused blood to seep from his gums, swelling, and difficulty sleeping and eating"); *Bargo v. Kelley*, 2020 WL 1172206, at *7 (E.D. Ark. Jan. 23, 2020) (holding that "[a]n abscessed tooth and tooth decay present serious medical needs"), *report and recommendation adopted*, 2020 WL 1165761 (E.D. Ark. Mar. 10, 2020). Here, Dr. Tolnay does not appear to dispute that Mr. Nolen's tooth requires his professional attention and likely must be extracted. Instead, he asserts that immediate extraction is not medically necessary and that extraction during the current coronavirus pandemic would be contrary to good practice and the standard of care. Dr. Tolnay's testimony, which the Court credits, belies deliberate indifference towards Mr. Nolen's condition.

Turning to this element of the claim, the record does not support a finding that Dr. Tolnay has acted with deliberate indifference in his treatment and proposed treatment of Mr. Nolen. Deliberate indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll,* 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon,* 897 F.2d 103, 109 (3d Cir. 1990).

In contrast, "an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim." *Tillery v. Noel,* 2018 WL 3521212, at *5 (M.D. Pa. June 28, 2018) (collecting cases). Such complaints fail as constitutional claims because "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners," *Durmer,* 991 F.2d at 67 (citations omitted), and "the exercise by a doctor of his professional judgment is never deliberate indifference." *Gindraw v.*

5

*Dendler,* 967 F. Supp. 833,836 (E.D. Pa. 1997) (citing *Brown v. Borough of Chambersburg,* 903 F.2d 274,278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."). Therefore, where a dispute in essence entails nothing more than "a disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint will fail as a constitutional claim under § 1983." *Tillery*, 2018 WL 3521212, at *5 (citing *Gause v. Diguglielmo*, 339 Fed. Appx. 132 (3d Cir. 2009) (characterizing a dispute over pain medication as the type of "disagreement over the exact contours of [plaintiffs] medical treatment" that does not violate the constitution)). Based upon these principles, "courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care." *Hensley v. Collins*, 2018 WL 4233021, at *3 (W.D. Pa. Aug. 15, 2018) (quoting *Clark v. Doe*, 2000 WL 1522855, at *2 (E.D. Pa. Oct. 13, 2000)). *See also Wisniewski v. Frommer*, 751 Fed. Appx. 192, 195-96 (3d Cir. Oct. 3, 2018) (noting that "there is a critical distinction 'between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment.'") (quoting *Pearson v. Prison Health Serv.,* 850 F.3d 526, 535 (3d Cir. 2017)).

"Nonetheless, there are circumstances in which some care is provided yet it is insufficient to satisfy constitutional requirements." *Palakovic v. Wetzel,* 854 F.3d 209, 228 (3d Cir. 2017). These circumstances include, for example, where prison officials, "with deliberate indifference to the serious medical needs of the inmate, opt for 'an easier and less efficacious treatment' of the inmate's condition.'" *Id.* (quoting *West v. Keve,* 571 F.2d 158, 162 (3d Cir. 1978) (internal citation omitted). Similarly, prison officials may not deny reasonable requests for medical treatment when such "denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,'" *Id.* (quoting *Monmouth County Corr. Inst. Inmates,* 834 F.2d at 346

6

(internal citation omitted), or intentionally refuse to provide care where the need for such care is acknowledged. *Id.* (citing *Ancata v. Prison Health Servs.,* 769 F.2d 700, 704 (11th Cir. 1985)). This is not such a case, however.

In the present case, Dr. Tolnay has exercised his professional judgment in determining that Mr. Nolen's decaying wisdom tooth does not require immediate extraction. While the Court does not discount the discomfort associated with Mr. Nolen's condition, the Court will not substitute its judgment for Dr. Tolnay's professional assessment that this discomfort can be addressed in the near term with ibuprofen or Tylenol and that extraction or other appropriate treatment will occur as soon as medically appropriate and possible. Of course, the Court's conclusion is based on Mr. Nolen's condition as it presently exists. Nothing in this decision excuses Dr. Tolnay or other SCI-Albion dental or medical personnel from ongoing assessment of Mr. Nolen's condition and, if necessary, accelerating or altering his treatment plan based upon changes in his condition or the ability to reasonably control his pain with over-the-counter medications. In other words, SCI-Albion personnel should be mindful that ongoing delay in extraction of Mr. Nolen's tooth could at some point ripen into deliberate indifference. *See Borgerding v. California,* 370 Fed. App. 797, 798 (9th Cir. 2010) ("A reasonable jury could conclude that defendant[] was deliberately indifferent to [the plaintiffs] health in delaying extraction [of impacted wisdom teeth] because he observed [the plaintiff] enduring the painful effects of the impacted wisdom teeth for at least a year [and] knew that two prior dentists had already concluded that extraction was necessary."); *see also Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (three-week delay in dental care for impacted wisdom tooth, coupled with knowledge of inmate's suffering, can support jury finding of an Eighth Amendment violation).

7

As the record currently stands, however, the Court finds that Mr. Nolan has not demonstrated a likelihood of success on the merits. Therefore, no need exists to address the other elements necessary to support injunctive relief, and the Court must deny Mr. Tolnay's request for a temporary restraining order and preliminary injunction in this case.

Accordingly, it is hereby ORDERED that:

Plaintiff Floyd J. Nolen's Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 11] is DENIED.

_____
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: August 14, 2020